Attorneys—Boyd, Cameron, Brooks, & Wickham, for Jacobs; R. S. Curran, for Rose; all of Cleveland.

---

### No. 678

### MUELLER v. EDGE GAS CO.

#### No. 19901.  Supreme Court

On motion to certify.   Dock. June 17, 1926; 4 Abs. 404.

639.  INJUNCTION—Where several parties under an indefinite agreement use gas for residential purposes from a gas well and such use is permitted by the Gas Company for a period of 5 years without the rendering of any statement or any attempt to charge for the gas used, may the Gas Company obtain an injunction against the users for the further use of gas and is the Gas Company entitled to payment for the gas used for the 5 year period?

The Edge Gas Company brought this suit originally in the Cuyahoga Common Pleas against Curt B. Mueller and Lynn Mueller for an injunction against the use of gas belonging to the company; and a money judgment for the gas used.

It appears that the litigation arose originally out of a certain gas and oil lease between Ernst Mueller and the Gas Co. which lease provided for certain royalties to be paid to Ernst Mueller and also for his use without charge of the gas for residence purposes. The sons of Ernst Mueller, the plaintiffs in error herein, constructed residences on the property covered by the lease and thereupon, the uncontradicted evidence discloses, a modification of the contract and suit whereby the plaintiffs here were licensed to use gas belonging to the company without charge. It is claimed the consideration for this agreement was the relinquishing by Ernst Mueller of his royalties called for by the lease.

The judgment of the Common Pleas in favor of the Gas Company was affirmed by the Court of Appeals, the oral opinion of the Common Pleas stating that there was never an unequivocal meeting of the minds as to the modification of the contract.

Mueller in the Supreme Court contends:

1. That the Gas Company committed laches in failing to send statements, or make any efforts for collection; and permitted the use of the gas and are thereby not entitled to any standing in a court of equity.

2. That the company is estopped from denying the existence of the modified contract under the recent decision of 112 OS. 136.

Attorneys—T. P. Schmidt, for Mueller; Kelly, David & Cottrell for Gas. Co.; all of Cleveland.